**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marlene C. Beltowski, | No. CV-13-08164-PCT-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Carolyn W. Colvin, | |
| Defendant. | |

Plaintiff seeks review under 42 U.S.C. § 405(g) of the final decision of the Commissioner of Social Security, which denied her disability insurance benefits and supplemental security income under sections 216(i), 223(d), and 1614(a)(3)(A) of the Social Security Act. Because the decision of the Administrative Law Judge ("ALJ") is not supported by substantial evidence and is based on legal error, the Commissioner's decision will be vacated and the matter remanded for further administrative proceedings.

**I.   BACKGROUND.**

**A.   Factual Background.**

Plaintiff was born in 1945. She completed high school and some college and she last worked as a sales representative for a cleaning business in 2002. Tr. 72. Plaintiff stopped working in 2002 due to a large thoracic mass in her chest that was causing breathing issues and rapid heartbeat. Tr. 73, 76. In addition to ongoing issues with the mass and associated issues related to her glucose levels, hyperthyroidism, and Graves' disease, Plaintiff has sought treatment for various problems with her eyes (Tr. 698-99),

back pain resulting from degenerative discs (Tr. 318-19), and problems sleeping (Tr. 394-409).

### B. Procedural History.

Plaintiff filed an application for disability insurance benefits on February 22, 2006, claiming disability since June 9, 2002. Tr. at 222. Plaintiff's application was denied on April 17, 2006, and, after reconsideration, on January 22, 2008. Tr. 124. Plaintiff was granted a hearing in which she appeared with counsel before ALJ Ronald S. Robins in Prescott, Arizona. Tr. 64-90. ALJ Robins found that Plaintiff was not disabled under the Social Security Act from the alleged onset date (June 9, 2002) through the date last insured (December 31, 2007). Tr. 105.

Upon review, the Appeals Council vacated the decision and remanded the case to an ALJ, noting the following issues: (1) further consideration should have been given to claimant's residual functional capacity ("RFC") in light of her severe asthma; (2) consideration of obesity is necessary; (3) the ALJ should have considered a vocational expert's opinion in light of one doctor's estimate that she would have to take 10-15 minute breaks and would be absent from work once a month. Tr. 111. The Appeals Council ordered the ALJ to give further consideration to the client's RFC, to consider Dr. Gross' treating source opinion, and to obtain evidence from a vocational expert and "identify and resolve any conflicts" between that opinion and information from the Dictionary of Occupational Titles ("DOT"). Tr. 112.

A remand hearing was held on April 13, 2012, before ALJ Sheldon Zisook. Tr. 43. ALJ Zisook issued a decision on May 15, 2012, again finding that Plaintiff was not disabled. Tr. 20. The Appeals Council denied review of this decision, making ALJ Zisook's decision the final decision of the Commissioner under 20 C.F.R. § 422.210(a).

## II. Standard of Review.

Defendant's decision to deny benefits will be vacated "only if it is not supported by substantial evidence or is based on legal error." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006). "'Substantial evidence' means more than a mere scintilla, but

less than a preponderance, i.e., such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* In determining whether the decision is supported by substantial evidence, the Court must consider the record as a whole, weighing both the evidence that supports the decision and the evidence that detracts from it. *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998). If there is sufficient evidence to support the Commissioner's determination, the Court cannot substitute its own determination. *See Young v. Sullivan*, 911 F.2d 180, 184 (9th Cir. 1990).

**III.   Analysis.**

For purposes of Social Security benefits determinations, a disability is

> the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

20 C.F.R. § 404.1505.

Determining whether a claimant is disabled involves a sequential five-step evaluation. The claimant must show (1) he is not currently engaged in substantial gainful employment, (2) he has a severe physical or mental impairment, and (3) the impairment meets or equals a listed impairment or (4) his RFC precludes him from performing his past work.[1] If at any step the Commission determines that a claimant is or is not disabled, the analysis ends; otherwise, it proceeds to the next step. If the claimant establishes his burden through step four, the Commissioner must find the claimant disabled unless he finds that the claimant can make an adjustment to other work. The Commissioner bears the burden at step five of showing that the claimant has the RFC to perform other work that exists in substantial numbers in the national economy. *See* 20 C.F.R. § 404.1520(a)(4)(i)-(v).

Plaintiff has raised three claims of error in her brief. First, she claims that ALJ

---

[1] RFC is the most a claimant can do with the limitations caused by his impairments. *See Rodriguez v. Bowen*, 876 F.2d 759, 762 (9th Cir. 1989); 20 C.F.R. § 416.945(a); SSR 96-8p, 1996 WL 374184 (July 2, 1996).

- 3 -

Zisook discounted the opinion of treating physician Dr. Yoshimatzu in finding that 10-15 minute breaks and occasional absences from work were not inconsistent with full-time work. Doc. 17 at 18-22. Second, she claims that the ALJ discounted the opinion of treating opthamologist Dr. Gross despite that opinion being consistent with other evidence and taking into account improvements in Plaintiff's condition. *Id*. Finally, Plaintiff argues that the ALJ violated the Appeals Council's order to obtain the testimony of a vocational expert at the remand hearing and impermissibly based his RFC determination solely on DOT. *Id*. at 22-25.

### A.     Opinion of Dr. Yoshimatzu.

In weighing medical source opinions in Social Security cases, the Ninth Circuit distinguishes among three types of physicians:  (1) treating physicians, who actually treat the claimant; (2) examining physicians, who examine but do not treat the claimant; and (3) non-examining physicians, who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Generally, more weight should be given to the opinion of a treating physician than to the opinions of non-treating physicians. *Id.* A treating physician's opinion is afforded great weight because such physicians are "employed to cure and [have] a greater opportunity to observe and know the patient as an individual." *Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir. 1987). Where a treating physician's opinion is not contradicted by another physician, it may be rejected only for "clear and convincing" reasons, and where it is contradicted, it may not be rejected without "specific and legitimate reasons" supported by substantial evidence in the record. *Lester*, 81 F.3d at 830. Moreover, the Commissioner must give weight to the treating physician's subjective judgments in addition to his clinical findings and interpretation of test results. *Id.* at 832-33.

In his opinion, ALJ Zisook gave "great weight" to Dr. Yoshimatzu's opinion. Tr. 31. While Plaintiff acknowledges this, she argues that ALJ Zisook ultimately minimized or ignored significant aspects of the doctor's opinion, specifically in finding that Plaintiff had the RFC to perform light work when Dr. Yoshimatzu found she would

need frequent breaks of 10-15 minutes at a time. Doc. 17 at 18-19. This argument is without merit. Dr. Yoshimatzu specifically found, despite Plaintiff's need for two to four short breaks per day, that she could function at a level of 90-95% of all previous activities and could return to work. Tr. 826-30. The RFC determination reflects the great weight that ALJ Zisook gave to Dr. Yoshimatzu's opinion.

### B. Opinion of Dr. Gross.

ALJ Zisook gave "very little if any weight" to the opinion of treating physician Robert Gross because he found that Dr. Gross' opinion: (1) lacked support from any objective medical findings, (2) was inconsistent with other treating and examining physicians' opinions, and (3) failed to take into account Dr. Gross' own finding that Plaintiff's vision had improved. Tr. 31. The Court will address these three reasons.

First, an ALJ's statement that a treating physicians' medical opinion is unsupported by sufficient objective findings, without more, "does not achieve the level of specificity" that the Ninth Circuit requires. *Embrey v. Bowen*, 849 F.2d 418, 421 (9th Cir. 1988) ("To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim."). The "ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007). The ALJ did not identify the objective medical findings upon which he relied in discounting Dr. Gross' opinion, nor did he provide the interpretation and explanation required by the Ninth Circuit.

Second, Dr. Gross' opinion was not clearly contradicted by those of the other treating opthamologists. Dr. Gross opined that Plaintiff would need unscheduled breaks of 10 to 15 minutes every one to two hours, and that she would have good days and bad days. Tr. 843. Dr. Yoshimatzu opined that Plaintiff would need 10 to 15 minute breaks two to four times per day (every 2 to 4 hours), and would have good days and bad days.

Tr. 826-27. Both doctors found that Plaintiff was unlikely to recover vision in her right eye. Tr. 830, 843. The only other opthamologist to examine and treat Plaintiff, Dr. Rao, found that it would be very difficult for Plaintiff to work. Tr. 716, 832. Nothing in Dr. Rao's opinion contradicted Dr. Gross' findings that Plaintiff would need breaks four or more times a day or that she was likely to miss work on her "bad days."[2]

Third, Dr. Gross stated in his assessment that Plaintiff had "improved consistently since corneal transplant but remains limited by severe pathology related to trauma." Tr. 837. The ALJ discounted Dr. Gross' opinion because he failed to account for this statement (Tr. 31), but Dr. Gross clarified in a later letter that Plaintiff still suffered from significant symptoms despite the improvement he had observed. Tr. 858. He noted in the letter that Plaintiff continued to suffer from calcium deposits, signs of dry eye, and other surface abnormalities on her damaged eye. Given this clarification, it does not appear that the AJJ's observation regarding a credibility-damaging contradiction in Dr. Gross' findings is supported by substantial evidence.[3]

In sum, the ALJ failed to articulate sufficient specific and legitimate reasons, supported by substantial evidence, for his rejection of Dr. Gross' opinion.

**C.     Appeals Court Directive regarding vocational expert.**

Plaintiff's third claim of error is that the ALJ failed to follow the directive of the Appeals Council on remand that he obtain testimony and evidence from a vocational

---

[2] The ALJ rejected the opinion of Dr. Rao because Plaintiff was only treated by Dr. Rao during and immediately after her eye surgery, concluding that "Dr. Rao would be less qualified to discuss the claimant's ongoing limitations." Tr. 31. Plaintiff does not challenge this finding and the Court will not, therefore, determine whether the ALJ gave appropriate weight to Dr. Rao's opinion.

[3] This clarification was provided by Dr. Gross after ALJ Zisook submitted his opinion. Because the letter was provided to the Appeals Council prior to its review, however, it is properly part of the administrative record and formed the basis for the Commissioner's final decision under review here. *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1162 (9th Cir. 2012) (finding that "the administrative record includes evidence submitted to and considered by the Appeals Council" because "[t]he Commissioner's regulations permit claimants to submit new and material evidence to the Appeals Council and require the Council to consider that evidence in determining whether to review the ALJ's decision").

expert. Doc. 17 at 22. The Appeals Council ordered that, upon remand, the ALJ was to "[o]btain evidence from a vocational expert to clarify the effect of the assessed limitations on the claimant's occupational base." Tr. 112. The Commissioner acknowledges that the ALJ did not follow this directive, but argues that ALJ Zisook "decided Plaintiff's claims at step four of the sequential evaluation process, and there is no requirement that the ALJ obtain vocational expert testimony at step four." Doc. 19 at 16 (citing 68 Fed. Reg. 51153, 51160 (Aug. 26, 2003)).

While it is true that the testimony of a vocational expert is not required at step four, it is certainly not prohibited and testimony from a vocational expert at step four is contemplated under the rules. 68 Fed. Reg. 51153-01 (Aug. 26, 2003) (clarifying that "VE testimony may be obtained at step 4 to provide evidence to help us determine whether or not an individual can do his or her past relevant work" and that "it is appropriate for our adjudicators to consider evidence from a VE, VS, or other vocational resource (along with the other evidence in the case record) on a broad range of step 4 issues to help them decide if an individual can do his or her past relevant work.").

The Commissioner also argues that an ALJ need not follow every aspect of the Appeals Council's order, and that the Appeals Council's review and acceptance of the ALJ's decision is a tacit endorsement of the ALJ's choice not to obtain testimony from a vocational expert. Doc. 19 at 16. But the regulation's language is explicit that, upon remand, an ALJ "*shall* take any action that is ordered by the Appeals Council and may take any additional action that is not inconsistent with the Appeals Council's remand order." 20 C.F.R. § 404.977 (emphasis added). The fact that the Appeals Council did not find error with this upon its second review of this case does not exempt the ALJ from compliance with remand orders.

Plaintiff contends that the ALJ's finding that Plaintiff could perform her past work, based only on citation to the Dictionary of Occupational Titles, was legal error. The Court agrees. The Appeals Council's remand order instructed the ALJ to "identify and resolve any conflicts between the occupational evidence provided by the vocational

- 7 -

1  expert and information in the Dictionary of Occupational Titles (DOT) and its companion
2  publication."  Tr. 112.  Given the lack of testimony from a vocational expert, the ALJ
3  could not have complied with this order.  Instead, the ALJ cited the DOT classifications
4  for "sales agent" and "business service" and based his step four finding on these.  Tr. 32-
5  33.  A step-four finding based entirely on the ALJ's interpretation of classifications in the
6  DOT is not appropriate.  SSR 82-61 ("finding that a claimant has the capacity to do past
7  relevant work on the basis of a generic occupational classification of the work [e.g.
8  "delivery job," "packaging job," etc.] is likely to be fallacious and unsupportable").

**IV.     Remedy.**

The decision to remand for further development of the record or for an award of benefits is within the discretion of the Court.  42 U.S.C. § 405(g); *see Harman v. Apfel*, 211 F.3d 1172, 1173-74 (9th Cir. 2000).  An action will be remanded for an award of benefits only where three conditions are met: the ALJ has failed to provide legally sufficient reasons for rejecting evidence, no outstanding issue remains that must be resolved before a determination of disability can be made, and it is clear from the record that the ALJ would be required to find the claimant disabled were the rejected evidence credited as true.

The ALJ has failed to provide legally sufficient reasons for rejecting the opinion of treating physician Dr. Gross.  Under Ninth Circuit law, this evidence must be credited as true.  *See Varney v. Secretary of Health and Human Services*, 859 F.2d 1396 (9th Cir. 1988) ("if grounds for [discrediting a claimant's testimony] exist, it is both reasonable and desirable to require the ALJ to articulate them in the original decision."); *Lester*, 81 F.3d at 834 ("Where the Commissioner fails to provide adequate reasons for rejecting the opinion of a treating or examining physician, we credit that opinion 'as a matter of law.'") (citing *Hammock v. Bowen*, 879 F.2d 498, 502 (9th Cir. 1989)); *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (same); *Benecke v. Barnhart*, 379 F.3d 587 (9th Cir. 2007); ("Because the ALJ failed to provide legally sufficient reasons for rejecting Benecke's testimony and her treating physicians' opinions, we credit the evidence as

true.").

Even when this testimony is taken as true, however, outstanding issues remain that must be resolved before a determination of disability can be made. Specifically, the ALJ must elicit testimony from a vocational expert. Accordingly, the Court will remand for further development of the record in accordance with both this order and the remand orders of the Appeals Council.

**IT IS ORDERED** that Plaintiff's appeal (Doc. 17) is **granted** and this case is remanded for further proceedings consistent with this order.

Dated this 13th day of February, 2014.

_____
David G. Campbell
United States District Judge